**PINNOCK & WAKEFIELD**
A Professional Corporation
Theodore A. Pinnock, Esq. Bar #: 153434
David C. Wakefield, Esq. Bar #: 185736
7851 Mission Center Court, Suite 310
San Diego, CA 92108
Telephone: 619.858.3671
Facsimile: 619.858.3646

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NONI GOTTI**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CENTRO DE SALUD DE LA COMUNIDAD DE SAN YSIDRO, INC.; SAN YSIDRO HEALTH CENTER; And DOES 1 THROUGH 10, Inclusive**<br><br>**Defendants.** | **Case No. 3:08-cv-00979-BEN-WMC**<br><br>**MEMORANDUM OF POINTS AND SUPPORT OF THE MOTION FOR REMAND**<br><br>**Presiding Judge: Roger Benitez**<br>**Date: September 22, 2008**<br>**Time: 10:30 AM**<br>**Room: Courtroom 3**<br><br>**NO ORAL ARGUMENT** |

## INTRODUCTION

On April 29, 2008 a complaint was filed in state court. Defendants filed a notice of removal on June 2, 2008.

## APPLICABLE LAW

If at any time before final judgment, it appears the court lacks subject matter jurisdiction, the court may remand the case to state court either sua sponte or on motion of a party. However, a motion to remand based on a defect in the removal procedure must be made within 30 days after filing of the notice of removal. [28 USC § 1447 (c); see McCaa v. Massachusetts Mut. Life Ins. Co. (D NV 2004) 330 F.Supp.2d 1143, 1146 (citing text)] The proper procedure for challenging removal is a Motion to Remand. The motion must be made in accordance with the rules governing motion practice generally in federal courts. [FRCP 7(b); see ND CA Rule 7-1 ff., CD

CA Rule 7-4 ff., and SD CA Rule 7.1. Normally, plaintiff is the party seeking remand to state court. [American Fire & Cas. Co. v. Finn (1951) 341 US 6, 7, 71 S.Ct. 534, 537] The court may and should raise lack of subject matter jurisdiction on its own motion. But it may not sua sponte order a case remanded to state court for defects in the removal procedure. Such defects are waivable by the parties, and plaintiffs may wish to remain in federal court even though they originally filed in state court. [Kelton Arms Condo. Owners Ass'n, Inc. v. Home-stead Ins. Co. (9th Cir. 2003) 346 F3d 1190, 1192; Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc. (11th Cir. 2001) 254 F3d 1317, 1321; In re FMC Corp. Packaging Systems Division (3rd Cir. 2000) 208 F3d 445, 451]

Remand may be ordered either for lack of subject matter jurisdiction or for "any defect in removal procedure." [28 USC § 1447 (c); see Bucher v. FDIC (5th Cir. 1993) 981 F2d 816, 820] A motion for remand lies where there is no diversity of citizenship, or the claim does not in fact "arise under" federal law. Such defects go to the court's subject matter jurisdiction and can be raised at any time. [International Primate Protection League v. Administrators of Tulane Ed. Fund (1991) 500 US 72, 87, 111 S.Ct. 1700, 1709-1710; see Bromwell v. Michigan Mut. Ins. Co. (3rd Cir. 1997) 115 F3d 208, 213 – remand required even where federal court previously dismissed identical action] Section 1447 (c) mandates remand of state law claims where the court lacks removal jurisdiction (i.e., no federal question or diversity at time of removal). [Mills v. Harmon Law Offices, P.C. (1st Cir. 2003) 344 F3d 42, 45—error to dismiss rather than remand state law claims; Albingia Versicherungs A.g v. Schenker Int'l Inc. (9th Cir. 2003) 344 F3d 931, 936]

A motion for remand also lies to challenge procedural defects e.g. tardy filing of the removal notice, or defects in its form or content, or failure to furnish the state court papers or to give the requisite notice to adverse parties, etc.. Procedural defects in removal do not affect the federal court's subject matter jurisdiction and therefore may be waived. [Koehnen v. Herald Fire Ins. Co. (8th Cir. 1996) 89 F3d 525, 528] By seeking substantial relief in federal court, plaintiff may be held to waive the right to seek remand on nonjurisdictional grounds, particularly where

the federal court has ruled unfavorably on his or her motion. [Koehnen v. Herald Fire Ins. Co., supra, 89 F3d at 528—by seeking leave to amend complaint, plaintiff "consented to accept the jurisdiction of the United States court"] Federal courts may remand an action based on abstention principles. [Quackenbush v. Allstate Ins. Co. (1996) 517 US 706, 730-731, 116 S.Ct. 1712, 1723; Corcoran v. Ardra Ins. Co., Ltd. (2nd Cir. 1988) 842 F2d 31] A remand premised on abstention is not based on a lack of subject matter jurisdiction or on a defect in removal procedure. Thus, the power to remand is not based on the statutory grounds set forth in 28 USC §1447(c), but rather on the federal court's power to refrain from hearing cases based on "scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary." [Quackenbush v. Allstate Ins. Co., supra, 517 US at 718, 116 S.Ct. at 1718, 1721, quoting Railroad Comm'n of Tex. V. Pullman Co. (1991) 312 US 496, 500-501, 61 S.Ct. 643, 645]. Remand (or dismissal) based on abstention principles is limited to cases in which the relief sought is equitable in nature or otherwise discretionary (e.g. actions for injunctive or declaratory relief). [Quackenbush v. Allstate Ins. Co., supra, 517 US at 721, 116 S.Ct. at 1723] Thus, a federal court will not remand a damages action, even if abstention is otherwise appropriate. The district court's response is limited to staying the removed action, if appropriate. [Quackenbush v. Allstate Ins. Co., supra, 517 US at 721, 116 S.Ct. at 1723]. Ordinarily, however, the court will not remand with the federal claims intact. Since the removal was proper, the court will retain the federal claims (and stay them) or dismiss them. [See GAMXX Energy, Inc. v. Frost (MD LA 1987) 668 F.Supp. 541; see also Hernandez v. Six Flags Magic Mountain, Inc. (CD CA 1988) 688 F.Supp. 560, 563]

It would appear, therefore, that a federal court can remand actions for other prudential reasons not otherwise fitting the "absence of jurisdiction" or "removal defects" categories set forth in the remand statute (28 USC §1447(c)). This would include the following (whether treated as jurisdictional or not):

[Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Maine Dept. of Human Services (1st Cir. 1989) 876 F2d 1051, 1054; Wheeler v. Travelers Ins. Co. (3rd Cir. 1994) 22 F3d

534, 540; see Coyne v. American Tobacco Co. (6th Cir. 1999) 183 F3d 488, 496—action must be remanded, not dismissed, where plaintiffs in removed action lack federal standing to sue]

Some cases hold declaratory relief abstention is a discretionary ground for remand to state court. [Beach Cove Assocs. v. United States Fire Ins. Co. (D SC 1995) 903 F.Supp. 959, 962-963; Maryland Ins. Group v. Roskam Baking Co. (WD MI 1998) 6 F.Supp.2d 670, 672-673]

A court has inherent authority to remand an action to state court to enforce a forum-selection agreement. Such agreement waives defendant's right to remove. [Snapper, Inc. v. Redan (11th Cir. 1999) 171 F3d 1249, 1263, fn. 26]

Removal is improper if based on a federal claim that is already pending before the court in a different action. [Walton v. UTV of San Francisco, Inc. (ND CA 1991) 776 F.Supp. 1399, 1404]

A motion to remand the case for procedural defects in the removal must be made within 30 days after the removal notice is filed in federal court. [28 USC §1447(c); Air-Shields, Inc. v. Fullam (3rd Cir. 1989) 891 F2d 63, 65; Northern Calif. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co. (9th Cir. 1995) 69 F3d 1034, 1038—raising defect for first time in reply brief too late]

On the other hand, lack of subject matter jurisdiction may be raised "at any time before final judgment." [28 USC §1447(c); FRCP 12(h)(3)] (Indeed, defects in subject matter jurisdiction can even be raised for the first time on appeal; see American Fire & Cas. Co. v. Finn (1951) 341 US 6, 17-18, 71 S.Ct. 534, 542; In re Brand Name Prescription Drugs Antitrust Litig. (7th Cir. 2001) 248 F3d 668, 670—plaintiff's 7-month delay in moving for remand on ground of insufficient amount in controversy did not waive the objection.) Section 1447(c)'s 30-day deadline is plainly mandatory, but does not limit that court's power to consider an overdue motion. [Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd. (2nd Cir. 2005) 422 F3d 72, 74] What constitutes a "defect in removal procedure" within the meaning of §1447(c) is not entirely clear: i.e., whether it includes all nonjurisdictional defects, or strictly "procedural" matters (such as failure to join all defendants, defective notice of removal, etc.). Several courts interpret "defect in removal procedure" (§1447(c)) broadly and hold the 30-day limit on remand

motions applies if remand is sought on any nonjurisdictional ground. [Maniar v. FDIC (9th Cir. 1992) 979 F2d 782; Baris v. Sulpicio Lines, Inc. (5th Cir. 1991) 932 F2d 1540, 1544; Pierpoint v. Barnes (2nd Cir. 1996) 94 F3d 813, 817]

For example:

Tardy removals (after the 30-day time for removal under (§1446(b)); [Wilson v. General Motors Corp. (11th Cir. 1989) 888 F2d 779, 781]

Removals violating the "no local defendant" limitation in diversity cases ((§1441(b)); [In re Shell Oil Co. (5th Cir. 1991) 932 F2d 1518, 1522; Shapiro v. Logistec USA, Inc. (2nd Cir. 2005) 412 F3d 307, 313 & fn. 2]

Failure of all served defendants to join in notice of removal. [Roe v. O'Donohue (7th Cir. 1994) 38 F3d 298, 301-302]

Other cases construe "defect in removal procedure" ((§1447(c)) more literally and apply the 30-day limit only to remand motions challenging the procedure by which the case was removed from state court; e.g., failure to join all defendants, defects in removal notice, etc.. Under this view, remand motions on grounds unrelated to the procedure for removing the case from state court are not subject to the 30-day limit (e.g. removals made in violation of forum-selection clause, abstention, etc.). [Foster v. Chesapeake Ins. Co., Ltd. (3rd Cir. 1991) 933 F2d 1207, 1212; see Armistead v. C & M Transport, Inc. (1st Cir. 1995) 49 F3d 43, 47; Snapper, Inc. v. Redan (11th Cir. 1999) 171 F3d 1249, 1256-1259]

Because remand is favored, if defendant fails to raise the untimeliness of the remand motion, this defect is waived and the court may remand. I.e., defendant can "waive the waiver" resulting from plaintiff's failure to seek timely remand! [Student A v. Metcho (ND CA 1989) 710 F.Supp. 267, 269] Arguably, a defendant should be estopped from challenging an untimely remand motion if it was responsible for the delayed challenge (e.g., misrepresenting date of receipt or joinder of codefendants). [Roe v. O'Donohue (7th Cir. 1994) 38 F3d 298, 301—raising but not deciding issue] Ordinarily, the 30-day limit runs from the time of filing the notice of removal—not the date it was received by plaintiff. [Pavone v. Mississippi Riverboat Amusement

Corp. (5th Cir. 1995) 52 F3d 560, 566]

ARGUMENT

A. This Court Has No Federal Jurisdiction

Title 42 U.S.C. 12101 defines disability as “a physical or mental impairment which substantially limits one or more major life activities.” Civil Code sections 51, 52 and 54.3 defines disability as “a physical or mental impairment which limits one or more major life activities.” Gotti will decline to present evidence of “substantially” and, if needed, will file a motion to amend to remove substantially from the state complaint Therefore, this Court has no federal jurisdiction.

B. This Court Should Decline To Exercise Supplemental Jurisdiction

Once the court acquires supplemental jurisdiction over state law claims, section 1367(c) provides the only valid basis upon which it may decline to exercise it. Executive Software N. Am., Inc. v. Jensen, 24 F.3d 1545, 1551 (9th Cir. 1994). Section 1367(c) provides:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Plaintiff moves the court to decline supplemental jurisdiction because the state law claims substantially predominate over the ADA claim.

"[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals. United Mine

Workers v. Gibbs,[2] 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). The state law claims are almost identical to the ADA claims to the extent that liability under the Unruh Act and the DPA may be predicated on an ADA violation. However, the only remedy available under the ADA is injunctive relief. See 42 U.S.C. § 12188(a)(1); Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002). In addition to injunctive relief, the Unruh Act and the DPA also provide for damages. California Civil Code Section 52(a), which provides for enforcement of the Unruh Act, allows for damages no less than $ 4,000 "for each and every offense." Under the DPA, California Civil Code Section 54.3(a) provides for damages no less than $ 1,000 "for each offense." Plaintiffs seek $4,000 in damages for each and every offense under the Unruh Act.

In the alternative, the court should find that due to recent developments in California law, Plaintiff's state law claims raise a novel or complex issue of state law. In Harris v. Capital Growth Investors, the California Supreme Court held that "a plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination in public accommodations . . . ." 52 Cal.3d 1142, 1172-73, 278 Cal. Rptr. 614, 805 P.2d 873 (1991). Shortly thereafter, in 1992, the California Legislature amended California Civil Code Section 51 and added a provision that a defendant violates the Unruh Act whenever it violates the ADA. Cal. Civ. Code § 51(f). A meritorious ADA claim does not require proof of intent. See 42 U.S.C. § 12182(b)(2)(A)(iv); Lentini v. Cal. Center for the Arts, 370 F.3d 837, 846-47 (9th Cir.2004). The Unruh Act amendment raised the question whether section 52 damages provision, as read in conjunction with section 51(f), required proof of intent. In 2004, the Court of Appeals for the Ninth Circuit found that the 1992 Unruh Act amendments superseded Harris, and held that where a defendant violates the ADA, damages can be awarded under the Unruh Act regardless of intent to discriminate. Lentini, 370 F.3d at 846-47. In 2006, the California Court of Appeal issued Gunther v. Lin, wherein it reasoned that Harris was still viable, rejected Lentini as an improper interpretation of California law, and held that section 52 damages required proof of intentional discrimination. 144 Cal. App. 4th 223, 252-57, 50 Cal. Rptr. 3d 317 (2006).

Gunther appears to contradict the express language of section 51(f) which provides that

"violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." On the other hand, its reasoning is based in part on distinguishing between two damages provisions for disabled access violations, is not unsound. See 144 Cal. App. 4th at 231-32. Under the Unruh Act, section 52(a) allows for damages no less than $ 4,000, while under the DPA, section 54.3(a) provides for damages no less than $ 1,000. To avoid double recovery, "[a] person may not be held liable for damages pursuant to both [section 54.3] and section 52 for the same act or failure to act." Cal. Civ. Code § 54.3(c). Gunther reasoned that the intent element was required to distinguish section 52 from section 54.3, avoid making either section redundant of the other, and justify a higher award under section 52. See 144 Cal. App. 4th at 231-32, 239-40, 242, 250. This court is therefore faced with a conflict in state law, which raises novel or complex state law issues for purposes of 28 U.S.C. § 1367(c)(1).

The discretion to decline supplemental jurisdiction is "triggered by the court's identification of a factual predicate that corresponds to one of the section 1367(c) categories." Executive Software, 24 F.3d at 1557. The predominance of the state law claims and the conflict in pertinent state law are such factual predicates. "Once that factual predicate is identified, the exercise of discretion . . . still is informed by whether [dismissing] the pendent state claims comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness and comity." Id. (internal quotation marks and citations omitted). Although it would undoubtedly be more convenient to have this suit adjudicated in one action, the novelty and complexity of state law issues weighs in favor of dismissing them to allow California state courts to resolve the issue. "Needless decisions of state law should be avoided as a matter of comity." Gibbs, 383 U.S. at 726. Furthermore, given the definition of disability is broader under state law and the greater comprehensiveness of state law remedies, fairness dictates that the claims are more appropriately adjudicated in state court. The court therefore declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. See Wilson v. PFS, LLC, 493 F. Supp. 2d 1122, 1125-26 (S.D. Cal. 2007); Cross v. Pac. Coast Plaza Invs, L.P., No. 06cv2543-JM

(RBB), 2007 U.S. Dist. LEXIS 16138 *19, 2007 WL 951772 *6 (S.D. Cal. Mar. 6, 2007); see also Brick Oven, 406 F. Supp. 2d at 1130.

C. This Court should remand premised on abstention

The federal court's power to refrain from hearing cases based on "scrupulous regard for the rightful independence of the state governments' and for the smooth working of the federal judiciary." [Quackenbush v. Allstate Ins. Co., supra, 517 US at 718, 116 S.Ct. at 1718, 1721, quoting Railroad Comm'n of Tex. V. Pullman Co. (1991) 312 US 496, 500-501, 61 S.Ct. 643, 645]. Remand (or dismissal) based on abstention principles is limited to cases in which the relief sought is equitable in nature or otherwise discretionary (e.g., actions for injunctive or declaratory relief). [Quackenbush v. Allstate Ins. Co., supra, 517 US at 721, 116 S.Ct. at 1723] Thus, a federal court will not remand a damages action, even if abstention is otherwise appropriate. The district court's response is limited to staying the removed action, if appropriate. [Quackenbush v. Allstate Ins. Co., supra, 517 US at 721, 116 S.Ct. at 1723. Ordinarily, however, the court will not remand with the federal claims intact. Since the removal was proper, the court will retain the federal claims (and stay them) or dismiss them. [See GAMXX Energy, Inc. v. Frost (MD LA 1987) 668 F.Supp. 541; see also Hernandez v. Six Flags Magic Mountain, Inc. (CD CA 1988) 688 F.Supp. 560, 563]

This Court should abstain from hearing this case because there is no "intent to return" requirement in state for injunctive relief like in federal court. Further, there are novel issues of state law as to Civil Code 51, 52 and 54.3 best resolved by the state courts. Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133 (9th Cir. 2002). Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000). HOLLYNN D'LIL, v. BEST WESTERN ENCINA LODGE & SUITES; ENCINA-PEPPER TREE LTD.; No. 06-55516, CV-02-09506-DSF. Gunther v. Lin, 50 Cal. Rptr. 3d 317 (Cal. Ct. App. 2006), [the California Supreme Court subsequently denied review of an intermediate appellate court decision that could have provided definitive guidance on whether plaintiffs must prove intentional disability discrimination under the Unruh Act to obtain damages.]

D. Defendants failed to show plaintiff in removed action have federal standing to sue

ADA defines disability as "…substantially limiting." California law defines disability as "…limiting." Gunther v. Lin, 50 Cal. Rptr. 3d 317 (Cal. Ct. App. 2006), Thus, Defendants failed to show Plaintiff has standing to be in federal court.

**CONCLUSION**

For all the above reasons, this case should be remanded to state court.

Respectfully submitted:

Dated: August 18, 2008

**PINNOCK & WAKEFIELD, A.P.C.**

By: /s/THEODORE A. PINNOCK, ESQ.
DAVID C. WAKEFIELD, ESQ.
Attorneys for Plaintiff

**PINNOCK & WAKEFIELD**
A Professional Corporation
Theodore A. Pinnock, Esq. Bar #: 153434
David C. Wakefield, Esq. Bar #: 185736
7851 Mission Center Court, Suite 310
San Diego, CA 92108
Telephone: 619.858.3671
Facsimile: 619.858.3646

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NONI GOTTI**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CENTRO DE SALUD DE LA COMUNIDAD DE SAN YSIDRO, INC.; SAN YSIDRO HEALTH CENTER; And DOES 1 THROUGH 10, Inclusive**<br><br>**Defendants.** | **Case No. 3:08-cv-00979-BEN-WMC**<br><br>**NOTICE OF THE MOTION FOR REMAND**<br><br>**NO ORAL ARGUMENT**<br><br>**Presiding Judge: Roger Benitez**<br>**Date: September 22, 2008**<br>**Time: 10:30 AM**<br>**Room: Courtroom 3** |

PLEASE TAKE NOTICE:

On September 22, 2008 Plaintiff will move this Court to remand this action to state court.

Respectfully submitted:

Dated: August 18, 2008

**PINNOCK & WAKEFIELD, A.P.C.**

By: /s// THEODORE A. PINNOCK, ESQ.
DAVID C. WAKEFIELD, ESQ.
Attorneys for Plaintiff

**PINNOCK & WAKEFIELD**
Theodore A. Pinnock, Esq. Bar #: 153434
David C. Wakefield, Esq. Bar #: 185736
Michelle L. Wakefield, Esq. Bar #: 200424
7851 Mission Center Court, Suite 310
Plaza Centre
San Diego, CA 92108
Telephone: (619) 858-3671
Facsimile: (619) 858-3646

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NONI GOTTI**<br><br>Plaintiff.<br>**v.**<br><br>**CENTRO DE SALUD DE LA COMUNIDAD DE SAN YSIDRO, INC.; SAN YSIDRO HEALTH CENTER;** And **DOES 1 THROUGH 10,** Inclusive,<br><br>Defendants. | 3:08-cv-00979-BEN-WMC<br><br>**PROOF OF SERVICE U.S. MAIL**<br><br>[Fed.R.Civ.P. 6(e)] |

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 7851 Mission Center Court, Suite 310 Plaza Centre, San Diego, CA 92108.

On this date, I served the following documents described as:

The request on **All Defendants** in this action by placing the original a true copy thereof enclosed in sealed enveloped addressed as stated below.

**Roger C Dyer**

**The Dyer Law Firm**
**600 West Broadway, Suite 700**
**San Diego, CA 92101**
**(619)236-0245**
**Fax: (619)236-9169**
**Email: rogerd@dyerlawoffice.com**

**BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid, mailed at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee.

**BY FACSIMILE TRANSMISSION:** From FAX No. (619) 858-3646 to the facsimile numbers listed above on the mailing list. The facsimile machine I used complied with Rule 6 (e), and no error was reported by the machine.

**STATE:** I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

**FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court, at whose direction this service was made.

**EXECUTED** on August 18, 2008, at San Diego, California.

___________________________________

**PINNOCK & WAKEFIELD, A.P.C.**

**By**: /s/THEODORE A. PINNOCK, ESQ.
Attorney for Plaintiffs